THOMAS P. O'BRIEN
United States Attorney
ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Office
GREGORY W. STAPLES (155505)
DOUGLAS F. McCORMICK (180415)
Assistant United States Attorneys
    United States Courthouse
    411 West Fourth Street, 8th Floor
    Santa Ana, California 92701
    Telephone: (714) 338-3541
    Facsimile: (714) 338-3564
    E-mail: doug.mccormick@usdoj.gov

Attorneys for Plaintiff/Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. SA CR 05-00214-CJC |
| ) Plaintiff, ) | **GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT KEVIN JAMES;** |
| ) v. ) | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| KEVIN JAMES, ) ) Defendant. ) ) | Date: February 23, 2009<br>Time: 11:00 a.m. |

    Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorneys Gregory W. Staples and Douglas F. McCormick, hereby files its sentencing position regarding defendant Kevin James. The government's position is based upon the attached Memorandum of Points and

///

///

///

1  Authorities, the files and records in this matter, as well as any
2  evidence or argument presented at hearing on this matter.

3  DATED: February 9, 2009          Respectfully submitted,

4                                   THOMAS P. O'BRIEN
                                    United States Attorney
5
                                    ROBB C. ADKINS
6                                   Assistant United States Attorney
                                    Chief, Santa Ana Office
7
                                    /s/
8                                   _____
                                    GREGORY W. STAPLES
9                                   DOUGLAS F. McCORMICK
                                    Assistant United States Attorneys

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION AND PRE-SENTENCE REPORT**

Defendant Kevin James ("defendant") pleaded guilty to one count of seditious conspiracy, in violation of 18 U.S.C. § 2384. Applying the United States Sentencing Guidelines, the Probation Office calculated that defendant's total offense level is 32, based upon a base offense level of 33 (U.S.S.G. § 2A1.5(a)), a two-level increase because defendant was an organizer or leader (§ 3B1.1(c)), and a three-level decrease because defendant accepted responsibility. Pre-Sentence Report ("PSR") ¶¶ 54-69. The Probation Office found that defendant's criminal history places him in category IV. PSR ¶ 71-87. The Probation Office thus concluded that defendant's guideline range, before any departures, should be 168 to 210 months. PSR ¶ 122.

The Probation Officer recommended that the Court impose a four-level upward departure pursuant to Application Note 4 of U.S.S.G. § 3A1.4, to reflect the fact that defendant's seditious conspiracy offense "was clearly calculated to influence or affect the conduct of government by intimidation or coercion and to retaliate against government conduct." PSR Ltr. at 5. After applying this four-level upward departure, the Probation Officer concluded that defendant's adjusted advisory guideline range should be 262 to 327 months based upon an offense level of 36 and a criminal history category of IV. Id. at 6.

After noting that the statutory maximum for defendant's offense is 240 months, the Probation Office recommended a sentence of 216 months, citing 18 U.S.C. § 3553(a)(6):

> [T]he Probation Office has recommended a variance in the total sentence to 216 months based on the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Specifically, although James timely pleaded guilty to the offense, the post-departure adjusted guideline range provides no consideration for James's acceptance of responsibility because it exceeds the statutory maximum for the offense. The government has therefore agreed to recommend a sentence of 216 months imprisonment. The Probation Officer believes that the recommended sentence, which is equivalent to a 10% reduction below the guideline sentence, is a reasonable variance that considers each of the 3553(a) factors, particularly the need to avoid unwarranted sentence disparities.

PSR Ltr. at 6-7.

## II.

### GOVERNMENT'S POSITION

A.  <u>Pre-Sentence Report</u>

The government has no factual or legal objections to the PSR. The government adopts the factual findings contained in the PSR and concurs in the Probation Office's determination of defendant's offense level and criminal history category.

B.  <u>The Court Should Reduce the Defendant's Total Offense Level by Three Levels for Acceptance of Responsibility</u>

Provided that defendant continues to demonstrate an acceptance of responsibility through the time of sentencing, the government recommends that the Court reduce defendant's offense level by three levels under § 3E1.1, and, to the extent required in that section, moves the Court for the third level.

C.  <u>Consistent with the Plea Agreement, the Court Should Impose a Four-Level Upward Departure Pursuant to U.S.S.G. § 3A1.4</u>

U.S.S.G. § 3A1.4 provides for a 12-level enhancement "if the offense is a felony that involved, or was intended to promote, a

1  federal crime of terrorism."  Application Note 1 to § 3A1.4
2  provides that, "[f]or purposes of this guideline, 'federal crime
3  of terrorism' has the meaning given that term in 18 U.S.C. §
4  2332b(g)(5)."  U.S.S.G. § 3A1.4, comment (n.1).  Section
5  2332b(g)(5), in turn, defines "[f]ederal crime of terrorism as an
6  offense that "(A) is calculated to influence or affect the
7  conduct of government by intimidation or coercion, or to
8  retaliate against government conduct; and (B) is a violation of
9  [one of fifty different federal criminal statutes]".  18 U.S.C. §
10 2332(B)(G)(5) (emphasis added).  Neither of the statutes to which
11 defendant pleaded guilty — 18 U.S.C. § 2384 and 18 U.S.C.
12 § 924(o) — are among the listed offenses.

     However, Application Note 4 to § 3A1.4 states that "there
14 may be cases in which (A) the offense was calculated to influence
15 or affect the conduct of government by intimidation or coercion,
16 or to retaliate against government conduct but the offense
17 involved, or was intended to promote, an offense other than one
18 of the offenses specifically enumerated in [section
19 2332b(g)(5)]."  U.S.S.G. § 3A1.4, comment (n.4).  In such cases,
20 "an upward departure would be warranted."  Id.

     Here, defendant admitted in his factual basis that he
22 "conspired . . . to levy war against the government of the United
23 States through terrorism, and to oppose by force the authority of
24 the United States government."  (Plea Agreement at 13).
25 Defendant also admitted that he was the founder of Jam'iyyat Ul-
26 Islam Is-Saheeh ("JIS"), and that he preached the duty of JIS
27 members to target for violent attack any enemies of Islam,
28 including the United States government and Jewish and non-Jewish

supporters of Israel.  (Id.).  Defendant committed various overt acts in furtherance of this conspiracy, including instructing co-defendnat Levar Washington to (1) recruit five individuals without felony convictions to be trained in covert operations; (2) acquire two firearms with silencers; and (3) appoint an individual from the group to learn to make bombs that could be activated from a distance.  Pursuant to Application Note 4 to § 3A1.4, an upward departure is warranted.  The parties have stipulated, and the Probation Office has agreed, that a four-level upward departure is warranted by the facts of this case.

D.   The Factors Set Forth in 18 U.S.C. § 3553(a) Warrant a Sentence of 216 Months

For the reasons set forth in the Probation Officer's letter, the government recommend a sentence of 216 months.  Defendant timely pleaded guilty, enabling the government and the court to allocated their resources efficiently.  See U.S.S.G. § 3E1.1(b).  Although defendant's guideline range exceeds the statutory maximum of 240 months, a sentence of 216 months, or 10% below the statutory maximum, recognizes defendant's timely acceptance of responsibility yet reflects the seriousness of the defendant's offense and the need for just punishment.

## III.

## CONCLUSION

For the reasons set forth above, the Court should sentence defendant to 216 months imprisonment.